79D01-2208-CT-000111　　　　　Filed: 8/4/2022 4:12 PM
Tippecanoe Superior Court 1　　　　　Clerk
　　　　　Tippecanoe County, Indiana

| STATE OF INDIANA | SS | TIPPECANOE COUNTY CIRCUIT / SUPERIOR COURT |
|---|---|---|
| COUNTY OF TIPPECANOE | | ROOM _____ SITTING IN LAFAYETTE, INDIANA |

Kimberley Millunzi,

　　　　Plaintiff,

vs.

Wal-Mart Stores East, LP a/k/a Wal-Mart Stores East, Inc. a/k/a Wal-Mart Stores Inc. d/b/a Wal-Mart and Walmart Inc. d/b/a Walmart,

　　　　Defendants.

CAUSE No.:

JURY DEMAND

## COMPLAINT AT LAW

The Plaintiff, Kimberley Millunzi, by and through her attorneys, complaining against the Defendants, Wal-Mart Stores East, LP a/k/a Wal-Mart Stores East, Inc. a/k/a Wal-Mart Stores Inc. d/b/a Wal-Mart and/or Walmart Inc. d/b/a Walmart, states as follows:

1.　　　On and prior to August 11, 2020, the Defendants - Wal-Mart Stores East, LP a/k/a Wal-Mart Stores East, Inc. a/k/a Wal-Mart Stores Inc. d/b/a Wal-Mart and/or Walmart Inc. d/b/a Walmart (hereinafter both referred to collectively as "Walmart") - owned, operated, controlled, and/or maintained a certain Walmart store located at and/or near 4205 Commerce Drive in Lafayette, Tippecanoe County, Indiana, to which it invited the general public.

2.　　　On or about August 11, 2020, the Plaintiff, Kimberley Millunzi, was a business invitee of the said Walmart, and was in said store to purchase various items.

3.　　　At all times relevant hereto, the Defendants, Walmart, had a duty to exercise ordinary and reasonable care to maintain its floors and bathroom areas of said store in a

1

reasonably safe condition so as to prevent injury to the Plaintiff and other customers of said store.

4. On or about August 11, 2020, the Plaintiff, Kimberley Millunzi, was exiting a bathroom in said Walmart when she was caused to slip and fall on liquid that had been allowed to remain on the floor.

5. At said time and place, the Defendants, Walmart, by and through their agents and servants acting on their behalf, carelessly and negligently:

    a. failed to properly maintain said floor and bathroom area of said store;

    b. suffered and permitted liquid to remain on the floor and bathroom area of said store;

    c. failed to warn the Plaintiff of the dangerous and hazardous condition presented by the presence of liquid on the floor and bathroom area of said store when the Defendants knew or through the exercise of reasonable care should have known that said floor and bathroom area were dangerous and hazardous and could cause injury to the Plaintiff and other customers of said store;

    d. failed to remove the said liquid from the subject floor and bathroom area;

    e. failed to inspect said floor and/or bathroom area at reasonable intervals so as to discover the dangerous and hazardous condition presented by the said liquid;

    f. failed to assign anyone the job of inspecting said floor and/or bathroom area at reasonable intervals so as to discover any dangerous and hazardous conditions presented upon the same;

    g. failed to barricade, flag and/or place other visible warning signs in the vicinity of said liquid when the Defendants knew or through the exercise of reasonable care should have known that said liquid would cause a dangerous and hazardous condition for the Plaintiff and other patrons using said store;

    h. suffered and permitted the plaintiff and other patrons of said store to walk across a floor and bathroom area that the defendants knew or through the exercise of reasonable care should have known was wet which constituted a fall hazard and was dangerous for use by the Plaintiff and other patrons of said store; and

    i. failed to clean said floor and/or bathroom area at reasonable intervals when the Defendants knew or through the exercise of reasonable care should have known that the Plaintiff and other patrons of said store could be injured as a result of said liquid coming upon the floor and/or bathroom area;

  j. allowed said liquid to remain on its floor and/or bathroom area of said store in the presence of the Plaintiff and other patrons of said store, when the Defendants knew or through the exercise of reasonable care should have known that said liquid would constitute a fall hazard which could cause injury to the Plaintiff and others; and

  k. was otherwise careless and negligent.

6. As a direct and proximate result and in consequence of one or more of said wrongful acts of the Defendants, Walmart, the Plaintiff, Kimberley Millunzi, was caused to be injured when she slipped and fell due to the dangerous and slippery condition of said floor and/or bathroom area and thereby she was caused to suffer severe and permanent injuries including a fractured left ankle and ligament injury which required (and continues to require) her to undergo medical treatment; and she has suffered and with reasonable certainty will continue to suffer great pain and discomfort; and she has been and will be hindered from attending to her normal affairs and duties; and she has been and will be deprived from large earnings and profits which she otherwise might realize; and she has incurred and in the future will continue to become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, the Plaintiff, Kimberley Millunzi, asks for Judgment against the Defendants, Wal-Mart Stores East, LP a/k/a Wal-Mart Stores East, Inc. a/k/a Wal-Mart Stores Inc. d/b/a Wal-Mart and/or Walmart Inc. d/b/a Walmart, in an amount sufficient to compensate her for her losses, for her costs and for all other relief just and proper in the premises.

Respectfully submitted,

Polansky & Cichon, Chtd.
Two Prudential Plaza
180 N. Stetson Ave., Suite 5701
Chicago, IL 60601
Telephone No.: (312) 346-9241
Telefax No.: (312) 704-4431
polanskypeter2@gmail.com
lmoore@polanskycichonlaw.com

/s/ I. Peter Polansky
I. Peter Polansky, #26698-49

/s/ Elizabeth A. Moore
Elizabeth A. Moore, #23138-64A

3